**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAMANDEEP KAUR,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-70639<br><br>Agency No. A099-351-537<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2012[**]
San Francisco, California

Before: TASHIMA, CLIFTON, and MURGUIA, Circuit Judges.

Ramandeep Kaur petitions for review of the decision of the Board of

Immigration Appeals dismissing her appeal of the Immigration Judge's denial of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

her applications for asylum, withholding of removal, and relief under the Convention Against Torture. We deny the petition.

Where the BIA reviews the IJ's findings of fact for clear error, adopting and drawing "illustrative" examples from the IJ's determination, we review the IJ's oral decision. *Morgan v. Mukasey*, 529 F.3d 1202, 1206 (9th Cir. 2008).

## I. Asylum and Withholding of Removal

Substantial evidence supports the IJ's adverse credibility finding and thus the conclusion that Kaur failed to establish either past persecution or a well-founded fear of future persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006). With regard to Kaur's demeanor, the IJ noted that Kaur appeared to be reciting a story during direct examination. Conversely, upon unexpected questions from the court or the government, Kaur would claim not to understand and "would suddenly become confused, dabbing her eyes with a towel, and ask repeatedly to have questions repeated." When challenged with inconsistencies, Kaur similarly claimed nervousness and confusion. During a particularly tense moment when the IJ confronted her with a serious inconsistency, Kaur appeared so perturbed that her lawyer asked the IJ to allow her to "go to the bathroom." In specifically pointing to this stark contrast in Kaur's behavior when confronted with inconsistencies, the IJ provided a cogent basis for her demeanor finding.

2

Though a psychologist noted that Kaur did not exhibit signs of lying or exaggerating during her evaluation of Kaur, the IJ placed little value on the report. The IJ emphasized that the description of Kaur's demeanor in the evaluation was "entirely different from that observed in [c]ourt" and further, that the evaluation was taken three months after Kaur's testimony. The IJ's factual determination regarding the weight of a psychologist's evaluation may only be overturned if the evidence compels a contrary result. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006). Here, the evidence does not compel the conclusion that the evaluation was entitled to more weight. *See id.*

Next, the IJ noted inconsistencies between Kaur's sworn declaration, Kaur's father's affidavit, and Kaur's testimony regarding how long she was held during her second arrest and the way in which she was treated. When testifying about her third arrest, Kaur changed her story several times regarding where she was taken and when she was asked for her personal information. Finally, Kaur claimed that when the police released her after her third arrest, they told her that if she did not stop helping the Mann party they would kill her. She also noted that she had not had any other opportunities to help the party. When the IJ asked Kaur why the police would be looking for her if she was no longer helping the party, she responded that she did not know. A moment later, however, her attorney reminded

her that she had earlier testified that the police were looking for her because they believed she had joined the militants, which Kaur affirmed was true. Kaur's second and third arrests, along with her asserted fear of the police, constituted significant events and details that formed the basis of her asylum claim. Thus, such blatant inconsistencies regarding these instances appropriately informed the IJ's adverse credibility determination. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011). Additionally, that Kaur's father's affidavit was inconsistent with Kaur's testimony supports the IJ's finding that the affidavit was not credible.

Finally, the IJ found it implausible that Kaur would be treated in exactly the same manner during her first and second arrests, such that she could describe them in almost exactly the same way. While "[s]peculation and conjecture cannot form the basis of an adverse credibility finding, which must instead be based on substantial evidence," *Shah v. INS*, 220 F.3d 1062, 1071 (9th Cir. 2000), the fact that Kaur initially described her second arrest differently in her declaration takes the IJ's observation beyond the realm of mere speculation, grounding it in substantial evidence.

## II. Convention Against Torture

When an applicant's testimony is found not credible, the court must find that the background documentation alone compels the conclusion that the applicant is

more likely than not to be tortured in order to support relief under CAT. *Shrestha v. Holder*, 590 F.3d 1034, 1048-49 (9th Cir. 2010). The IJ found that the background documents Kaur provided indicated that the Indian government did engage in torture, but that she had not established that she was suspected of connections to the targeted group, namely Punjabi militants. Rather, Kaur had only claimed that the Indian police suspected her of such ties, but because her testimony was incredible, the IJ found that she failed to establish such a connection. A reasonable adjudicator would not be compelled to otherwise connect Kaur to the militants based solely on the background documents and would therefore not conclude that it was more likely than not that she would be tortured if removed. We thus have no basis to disturb the denial of relief under CAT.

**PETITION DENIED.**